Filed 4/18/23  P. v. Pereida CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

|  |  |
|---|---|
| THE PEOPLE, | C096801 |
| Plaintiff and Respondent, | (Super. Ct. No. CR-2018-6071) |
| v. | |
| DAVID MADRID PEREIDA, | |
| Defendant and Appellant. | |

Appointed counsel for defendant David Madrid Pereida has asked this court to conduct an independent review of the record to determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  We will affirm.

We provide the following brief description of the facts and procedural history of the case.  (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 123-124.)

FACTUAL AND PROCEDURAL BACKGROUND

In October 2018, law enforcement officers found defendant in possession of a shotgun while he was on postrelease community supervision.  (*People v. Pereida*

(Sept. 24, 2021, C090402) [nonpub. opn.].)[1] During jury selection at defendant's trial, the prosecutor used peremptory challenges to dismiss three potential jurors who appeared to be African-American and defendant made a *Batson*/*Wheeler*[2] motion, which the trial court denied. The jury later found defendant guilty of being a felon in possession of a firearm, defendant admitted a prior strike, and the trial court sentenced him to six years in prison. Defendant appealed and we conditionally reversed for the trial court to conduct further proceedings under *Batson*/*Wheeler*.

On remand, the prosecutor filed a brief arguing there were race-neutral reasons for dismissing each of the three potential jurors. Defendant filed a responsive brief arguing the passage of time does not permit the trial court to make a reliable determination and, alternatively, two of the jurors were dismissed for discriminatory reasons. On July 27, 2022, the trial court held a hearing and found there were race-neutral reasons for dismissing the potential jurors and denied the *Batson*/*Wheeler* challenge.

## DISCUSSION

Defendant's appointed counsel has asked this court to conduct an independent review of the record to determine whether there are any arguable issues on appeal. (*People v. Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of his right to file a supplemental brief within 30 days from the date the opening brief was filed. More than 30 days have elapsed, and defendant has not filed a supplemental brief. We have undertaken an examination of the entire record and find no arguable error that would result in a disposition more favorable to defendant.

---

[1] On our own motion, we take judicial notice of our opinion in defendant's direct appeal. (Evid. Code, § 452, subd. (d) [permitting a court to take judicial notice of records of "any court of this state"].)

[2] *Batson v. Kentucky* (1968) 476 U.S. 79 [90 L.Ed.2d 69] and *People v. Wheeler* (1978) 22 Cal.3d 258.

DISPOSITION

The judgment is affirmed.

                                                      KRAUSE         , J.

We concur:

       MAURO         , Acting P. J.

       MESIWALA     , J.